Filed 1/15/14  P. v. Beard CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MATTHEW CHRISTOPHER BEARD,<br><br>    Defendant and Appellant. | C074030<br><br>(Super. Ct. No. 62-112567) |

On March 9, 2012, Placer County Sheriff's deputies responded to a report of a verbal dispute at the defendant's trailer.  The victim, defendant's wife, told the deputies that defendant had been drinking alcohol and abused prescription pain killers.  She also said defendant threatened to kill her; he was sitting on the bed, holding a large hunting knife and said if she did not leave the trailer he would kill her with the knife or drown her in a puddle.  Scared for her life, the victim left the trailer.

The deputies approached the trailer and yelled for defendant to come outside (the victim warned the deputies there were knives all over the trailer).  When defendant did not respond, the deputies pushed open the already opened door and again asked defendant

1

to come outside.  This time, defendant said " 'fuck you, ' " and refused.  The deputies received that same response three more times before they entered the trailer, at which point defendant stood up from the bed and said " 'get the fuck out of my house.' "  The deputies advised defendant he was under arrest and he said, " 'fuck you.' "

The deputies then tried to detain defendant.  As they reached for him, defendant doubled up his fists.  They grabbed his arm and he pulled away, spinning into the corner of the bed.  The deputies told defendant to stop resisting or he would be "tased"; defendant's only response was, " 'fuck you, get out of my house.' "  After wrestling with defendant, the deputies were able to get him into handcuffs but defendant continued to struggle.  Outside of the trailer, they put defendant on the ground.  Defendant spat on the deputies, kicked them, and tried to bite them.  When they were finally able to gain full control of defendant (using a "TMJ Nerve Stimulant" and figure four leg lock), the deputies put a spit sock over his face.

As the deputies prepared defendant for transport to jail, defendant intentionally urinated on himself, then laughed about it.  When the deputies advised defendant of his *Miranda*[1] rights and asked if he wanted to talk to them, defendant said: " 'go fuck yourself.' "  The deputies put defendant in an uncaged patrol car and he immediately started banging his ahead against the door.  The deputies then went inside the trailer and found the hunting knife defendant was holding when he threatened the victim.  The blade on the knife was 10 inches long and two inches wide.  The handle was five inches long.

The deputies moved defendant into a caged patrol car to take him to jail.  As they moved him, defendant renewed his efforts to resist the deputies.  The deputies first took defendant to the hospital for medical clearance.  At the hospital, defendant refused to let

---

[1]  *Miranda v. Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694] (*Miranda*).

2

the deputies take photographs of him, once again the deputies had to use control holds to get defendant under control. After defendant was cleared he was taken to jail.

Inside the jail, deputies obtained an emergency protective order for the victim. As one of the deputies attempted to serve the protective order on defendant, defendant told the deputy to " 'get the fuck out of here or I will spit on you.' " Defendant counted from three then got off the bed and "lung[ed]" at the deputy. The deputy knocked defendant back onto his bed and defendant, with a closed fist, hit the deputy in the cheek. Defendant began to "roll" toward the deputy, who "delivered two closed fist jabs to [defendant's] face," before defendant had to be "tased."

The deputies then gave a copy of the protective order to the victim. She showed the deputies the bruises on her arm from where defendant grabbed her two hours earlier. She also told the deputies that, while they were arguing, defendant grabbed her and pushed her toward the bathroom saying, " 'I'm about to show you what kind of man I am.' "

Defendant was subsequently charged with making criminal threats (Pen. Code, § 422),[2] domestic violence (§ 273.5, subd. (a)), two counts of battery (§ 243, subd. (e)(1)), resisting an executive officer (§ 69), resisting a peace officer or emergency medical technician (§148, subd. (a)(1)), and battery upon an officer and emergency personnel (§ 243, subd. (b)). The People further alleged defendant was previously convicted of a serious felony (§§ 1170.12, subd. (a) & 667, subds. (b)-(i)) and previously served a term in prison (§ 667.5, subd. (b)).

Defendant pleaded no contest to the domestic violence charge, to resisting an officer, and to a misdemeanor charge of making criminal threats.[3] Defendant also

_____

[2] Undesignated statutory references are to the Penal Code.

[3] Defendant also admitted to misdemeanor driving under the influence in Placer County case No. 62-116442. Defendant was later sentenced in that matter to 180 days in prison,

3

admitted he was previously convicted of a serious or violent felony and served a term in prison. In exchange for defendant's plea, the People agreed to a stipulated, aggregate term of eight years four months in state prison and to dismiss the remaining charges. Following a report from the probation department, defendant was sentenced in accordance with his plea.

Defendant appeals; he did not request a certificate of probable cause.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


     BLEASE     , Acting P. J.


We concur:


     ROBIE     , J.


     BUTZ     , J.

---

to be served concurrent to the sentence imposed in this case, Placer County case No. 62-112567.